(No. 84-CV-1157—)

*In re* APPLICATION OF LEE CAIN

*Order filed April 1, 1985.*

*Opinion filed May 17, 1993.*

LEE CAIN, *pro se*, and JEROME J. ZELDEN, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (ALISON P. BRESLAUER and CHARLES DAVIS, JR., Assistant Attorneys General, of counsel), for Respondent.

## ORDER

POCH, J.

This claim arises out of an incident that occurred on September 14, 1983. Lee Cain, father of the victim, Michael Cain, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on May 21, 1984, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based on these documents and other evidence submitted to the Court, the Court finds:

1. That on September 14, 1983, the victim was shot by a policeman during an attempted arrest of the victim for a previous crime. The incident occurred in an alley located at 6119 South Peoria, Chicago, Illinois. Police investigation revealed that as the police officer approached the victim's car, the victim produced a gun and shot him. The police officer returned fire, fatally wounding the victim. The victim was taken to St. Bernard's Hospital where he was pronounced dead on arrival. No charges were placed against the police officer by the State's Attorney's Office, as this incident was classified a justifiable homicide.

2. That the Claimant seeks compensation for funeral expenses only. The Claimant was not dependent upon the victim for support.

3. That section 80.1 of the Act indicates factors used to determine entitlement to compensation. Specifically,

section 80.1(d) of the Act states that an award shall be reduced according to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

4. That it appears from the investigatory report and the police report that the victim's death was substantially attributable to his shooting of a police officer who was attempting to arrest him. The police officer then returned fire, fatally wounding the victim. Thus the conduct of the victim directly contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That in order for a claimant to be eligible for compensation under the Act there must be evidence that one of the violent crimes specifically set forth under section 72(c) of the Act occurred.

6. That the actions of the police officer did not constitute a crime specifically set forth under section 72(c) of the Act.

7. That the Claimant has not met required conditions precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.

## OPINION

PATCHETT, J.

Claimant, Lee Cain, is seeking to be compensated for the costs of his son's funeral expenses. His son was shot to death by Chicago police officers on September 14, 1983. The shooting took place in an alley located close to 6119 South Peoria, Chicago, Illinois.

At the hearing of this cause, the three Chicago police officers involved all testified that they had left their station that morning in an unmarked police vehicle with a specific intent to arrest Michael Cain, who was wanted for two outstanding warrants. These warrants include' aggravated battery and unlawful use of a weapon. U<sup>r</sup> mately, they found Mr. Cain in his automobile in thᵣ in question.

According to their testimony, they annᵣ they were police officers and drew their ᵥ officers testified that Mr. Cain then firᵣ they returned the fire which resulted iᵣ Their testimony further suggests thᵣ bullet was recovered from Officᵣ that he was also struck with a fᵣ left hand.

Three witnesses appᵣ Each of these witnessᵣ witnessed the shootiᵣ tions were not preᵣ seen Mr. Cain rᵣ' witnesses saw Claimant's ᵣ sive forcᵣ therebᵧ Victiᵣ

tributed to Mr. Cain's death.

It is the opinion of this Court that the Claimant has failed to carry his burden of proof. Based on the facts before us, it is probable that Mr. Cain was involved in illegal activity at the time of his death. In addition, if the officers were performing their duty, even in the case of excessive force, their actions cannot under law be considered a crime absent the showing of some criminal mental state. There is totally no proof of such criminal intent or other mental state sufficient to establish a crime for which compensation could be granted in this case.

We therefore deny this claim.